# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2012

Lyle W. Cayce
Clerk

No. 12-30695
Summary Calendar

LAMAR CONTRACTORS, INCORPORATED,

Plaintiff-Appellant

v.

ROLLING PLAINS CONSTRUCTION, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1336

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

In this dispute over a contract for fireproofing a roof, general contractor Lamar Contractors, Inc. appeals the district court's grant of summary judgment in favor of subcontractor Rolling Plains Construction, Inc. The district court held that because the parties failed to mutually consent to the scope of the fireproofing work, no meeting of the minds occurred, and thus no contract was formed. Reviewing the record *de novo, see Downhole Navigator, L.L.C. v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30695

*Nautilus Ins. Co.*, 686 F.3d 325, 328 (5th Cir. 2012), we AFFIRM for essentially the same reasons given by the district court.

1. Lamar argues that the district court misapplied the principles of contract interpretation, and that Rolling Plains's bid was at least ambiguous as to whether intumescent fireproofing was excluded from both the base bid and the "Add." It asserts that the "Add" should be construed to include intumescent materials, but the argument ignores whether a contract was formed in the first place. The record shows that Rolling Plains told Lamar's project manager shortly after bid day, and before Lamar accepted the bid, that the Add did not include intumescent fireproofing of the underside of the metal deck of the gym roof. Lamar therefore knew that it and Rolling Plains attached materially different meanings to the scope of the work intended in the bid. Because there was no meeting of the minds on this essential component of the contract, there was no mutual consent and the district court correctly held that no contract was formed. *See, e.g., Ingraffia v. NME Hosps., Inc.*, 943 F.2d 561, 565 (5th Cir. 1991); LA. CIV. CODE ANN. art. 1927; *see also* RESTATEMENT (SECOND) CONTRACTS § 20.

2. Lamar also argues that the district court erroneously granted summary judgment to Rolling Plains on its claim for detrimental reliance. Lamar cites nothing in the record and provides no authority or analysis in support of its contention, however, and the issue is inadequately briefed. *See Swindle v. Livingston Parish Sch. Bd.*, 655 F.3d 386, 392 & n.6 (5th Cir. 2011); *see also* FED. R. APP. P. 28(a)(9)(A). Even if we were to consider the issue, we would agree with the district court that by excluding the intumescent material Rolling Plains's original bid failed to conform to the project's specifications. We therefore agree with the district court that Lamar could not have reasonably and justifiably relied upon the bid. *See, generally, LaBarge Pipe & Steel Co. v. First Bank*, 550 F.3d 442, 464 (5th Cir. 2008); LA. CIV. CODE ANN. art. 1967. The

extent to which Lamar argues that the bid was ambiguous only reinforces the conclusion that Lamar could not justifiably rely on its own unilateral interpretation.

AFFIRMED.